### KANSZ v. RYAN ET AL.

1. **Husband and Wife: ALIENATION OF WIFE'S AFFECTIONS: PLEADING.** Plaintiff alleged that the defendant R. had induced his wife to abandon him, and had alienated her affections from him, and that defendant S., a physician, had produced a miscarriage upon his wife for the purpose of alienating her affections from him: *Held*, that the petition was demurrable, so far as the defendant S. was concerned, the alienation of the wife's affections having, according to the petition, been accomplished before the act was done for which it was sought to charge him.

2. ———: **INJURY TO OFFSPRING: DAMAGES.** The husband and father cannot recover damages for injury to offspring *in ventre sa mere*.

*Appeal from Des Moines District Court.*

WEDNESDAY, JUNE 4.

ACTION at law. A demurrer to the petition by defendant Scarff was sustained, and, plaintiff standing upon his petition, judgment was rendered upon the demurrer, from which he appeals.

*T. J. Trulock*, for appellant.

*J. C. Power*, for appellees.

BECK, CH. J.—I. The first count of the petition alleges that the defendant Ann Ryan is the mother of plaintiff's wife, Agnes, and the other defendant is a practicing physician; that the defendant Ann induced plaintiff's wife to leave her

house and visit her, and, in the language of the petition, "by threats and coaxing; by promises of reward; by exalting her pride, working upon her fears, has alienated the affection of plaintiff's wife, and restrained her and induced her to live separate and apart from her husband, without any just cause or provocation on the part of the plaintiff." It is alleged that defendant Scarff, after Agnes entered the house of said Ryan, aided and assisted her in her undertaking to disaffect the mind of the said Agnes, in this: "that defendants, together uniting, did produce a miscarriage upon plaintiff's wife, which was done to alienate her affections from plaintiff, and induce her to live apart from him, and that such miscarriage greatly impaired her health." It is averred that the acts of defendants did alienate the affections of the wife; that she continues to live separate and apart from plaintiff, and he has been deprived of her service, society and affections as a wife.

The second count of the petition claims to recover for the miscarriage caused by defendants, which, it is alleged, was accomplished by them for the purpose of destroying plaintiff's offspring. It is also alleged in this count that the wife's affections were alienated and health impaired by the miscarriage.

II. It will be observed that the act of defendant Scarff, whose liability only is brought in question by the demurrer, is charged to have been done after plaintiff's wife had left him, and was living with her mother. The petition alleges an abandonment of the plaintiff by the wife prior to the act of Scarff in causing the miscarriage, though that word is not used. It is alleged that her mother had alienated her affections, and induced her to live separate and apart from plaintiff. Then it is alleged that Scarff caused the miscarriage, which was done to alienate the affections of the wife, and was done to induce her to live apart from plaintiff; but the petition clearly shows an alienation of the affection of and abandonment by the wife before the act committed by Scarff for which he is sought to be held liable in this action. Now it is very plain that Scarff

cannot be held liable for doing what had been accomplished before the act was done which is complained of as the cause of the injury.

The injury to the wife's health cannot be the ground of recovery, for the very plain reason that plaintiff had been deprived of her society and services by her abandonment before the act of which Scarff is charged in the petition.

III.    The second count claims to recover on the ground that plaintiff was deprived of offspring by defendant's act.

2. ——: injury to offspring: damages.    Regarding, for the purposes of this case, the rights of the father as to an infant *in ventre sa mere* to be the same as though the offspring were in life—a point that we do not determine—he cannot recover for injury to such offspring except for the loss of services resulting therefrom.    Addison on Torts, 907.    Plaintiff does not and cannot claim for loss of services of an unborn child. Whether he could have claimed for future services to be rendered after the birth of the child we need not consider, for no such claim is found in the petition.    We may suggest that such a claim for damages would be based upon very remote and uncertain consequences of the act complained of.    It is hardly probable that it would be allowed by the law.

We conclude that the District Court correctly ruled upon the demurrer that the petition presented no cause of action against defendant Scarff.

AFFIRMED.